IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNA JOHNSON,<br><br>                Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP, A FOREIGN LIMITED PARTNERSHIP AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, JOHN DOE 1-100, A FICTITIOUS NAME, X CORPORATION, A FICTITIOUS NAME AND A AND B PARTNERSHIP, A FICTITIOUS NAME, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>                Defendants. | CIVIL ACTION<br><br>CASE NO.<br><br>JURY TRIAL DEMANDED |

**DEFENDANT WALMART'S NOTICE OF REMOVAL**

Wal-Mart Stores East, LP (hereinafter referred to as "Walmart") files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No.: GLO- L- 000649-20, where it is now pending, to the United States District Court for the District of New Jersey, and avers in support thereof as follows:

    1.    Plaintiff initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. 000649-20, on or about June 4, 2020. See a copy of Plaintiff's Complaint attached hereto as Exhibit "A."

    2.    The Complaint alleges that on or about June 25, 2018, Plaintiff Joanna Johnson sustained injuries when she slipped and fell on the premises of a Walmart Store, located at 3501 Route 42, in the Township of Washington, County of Gloucester, NJ 08012. *See* Exhibit "A," ¶¶ 1- 3.

3. Walmart filed an Answer denying liability on July 27, 2020. *See* a copy of Walmart's Answer attached hereto as Exhibit "B."

4. Walmart's Answer included a demand that Plaintiff provide responses to Form A Interrogatories as found in the Appendix to the New Jersey Rules of Court, 2015 and enclosed Supplemental Interrogatories and Notice to Produce within the time prescribed by the New Jersey Court Rules. *See* Exhibit "C."

5. Walmart responded to Form C Interrogatories and Plaintiff's Notice to Produce on September 28, 2020. *See* September 28, 2020 letter forwarding Walmart's discovery responses attached as Exhibit "D."

6. However, Plaintiff failed to respond to Form A Interrogatories within the time frame permitted by the Court Rules.

7. Accordingly, on December 21, 2020, Walmart filed Motion to Dismiss Plaintiff's Complaint pursuant to Rule 4:23-5 of the New Jersey Rules of Court. *See,* Walmart's Filed Motion to Dismiss attached hereto as Exhibit "E."

8. On January 8, 2021, the Court granted Walmart's Motion Dismiss and dismissed Plaintiff's Complaint without prejudice. *See,* January 8, 2021 Order attached hereto as Exhibit "F."

9. On February 23, 20121 Plaintiff provided discovery responses and thereafter, filed a Motion to Reinstate her Complaint and return the matter to the docket. *See,* February 23, 2021 letter to Defense counsel forwarding discovery responses and Plaintiff's Motion to Reinstate filed February 23, 2021 attached hereto as Exhibit "G" and "H" respectively.

10. On March 19, 2021, the Court granted Plaintiff's Motion to Reinstate and returned the matter to the docket. *See,* Order dated March 19, 2021 attached hereto as Exhibit "I."

11. Thereafter, on April 14, 2021, Plaintiff forwarded a settlement demand to defense counsel seeking $250,000. *See*, letter dated April 14, 2021 attached hereto as Exhibit "J."[1]

12. The State Court wherein this action was originally filed is located in Gloucester County, New Jersey, which is embraced within this jurisdictional district.

13. Removal from Superior Court of New Jersey, Law Division, Gloucester County is proper pursuant to 28 U.S.C. § 1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

14. This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

15. Plaintiff avers that she resides at 221 Johnson Road, Township of Washington, County of Gloucester, New Jersey. *See* Exhibit "A."

16. Therefore, Plaintiff is a citizen of the State of New Jersey.

17. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business located in Bentonville, Arkansas.

18. Wal-Mart Stores East, LP is owned solely (100%) by Wal-Mart Stores, Inc., now known as Walmart Inc., a Delaware corporation with its principal place of business in Arkansas, through various wholly-owned operating entities as follows: Wal-Mart Stores, Inc. (WMSI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is

---

[1] Because the body of Plaintiff's settlement demand beyond the first paragraph contains personal medical information, in the abundance of caution, it has been redacted from public view in this filing.

the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMSI). For the purposes of diversity of citizenship, Wal-Mart Stores East, LP is a citizen of the State of Delaware.

19. None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

20. Therefore, Walmart is a citizen of the States of Delaware and Arkansas and the requirements of diversity jurisdiction are satisfied.

21. Defendants John Does 1-100, X Corporation, and A and B Partnership are fictitious entities named as Co-Defendants who have no citizenship for purposes of diversity. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell,* 57 Fed. Appx. 47, 50 (3d Cir. 2002) ("there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants . . .").

22. Accordingly, Plaintiff is diverse from the named Defendant and the requirements of diversity jurisdiction are satisfied.

23. Plaintiff's Complaint made a general boilerplate claims for damages, alleging Plaintiff sustained "significant injuries" and "severe and disabling injuries and has been caused to obtain medical treatment and to refrain from her normal pursuits" but failed to quantify any amount. *See* Exhibit "A;" ¶¶3 and 5.

24. In general, a defendant must file a notice of removal "within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth a claim for relief upon

which such action or proceeding is based ...." 28 U.S.C. § 1446(b)(1). However, this 30-day window for removal is "only triggered when 'the four corners of the pleading ... informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.'" *In re Asbestos Prods. Liab. Litig.* (No. VI), 770 F. Supp. 2d 736, 740 (E.D. Pa. 2011) (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir.1993), rev'd on other grounds, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)).

25. If the initial pleading is to serve as the basis for that specificity, it must provide enough in terms of detail so that the defendant can reasonably and intelligently conclude from that pleadings that the amount in controversy exceeds the jurisdictional minimal." *Inaganti v. Columbia Props. Harrisburg*, LLC, 2010 U.S. Dist. LEXIS 51983 at *7-8 (E.D. Pa. May 25, 2010) (citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)).

26. If a fixed amount is not pleaded, the amount in controversy is measured by a reasonable reading of the value of the case. *Angus*, 989 F.2d at 146. The inquiry into whether the jurisdictional value is met "should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts." *Inaganti v. Columbia Props. Harrisburg, LLC*, 2010 U.S. Dist. LEXIS 51983 at *9 (E.D. Pa. May 25, 2010) (citing *Samuel-Bassett*, 357 F.3d at 403)).

27. Here, Plaintiff's Complaint contains largely generalized statements of injury, which precluded Walmart from objectively calculating the value of the case. Walmart could not reasonably determine the non-economic value from a reading of these broad categories of injuries allegedly caused by the subject incident. Similarly, Walmart could not reasonably determine the economic damages allegedly sustained by Plaintiff from the generalized statements of costs, expenses, and wage loss. Without specific allegations regarding the medical and economic damages claimed by Plaintiff, Walmart was unable to reasonably and intelligently conclude from the Complaint that the amount in controversy exceeds the requisite amount for diversity jurisdiction.

28. Although Plaintiff forwarded discovery on February 23, 2021, at the time she provided this information the matter was dismissed, inactive and not on the docket capable of removal. *See*, Exhibit "F."

29. It was not until the case was returned to the docket on March 19, 2021 that Walmart would have had the ability to remove the matter if there was an objective basis to support that the amount in controversy exceeded $75,000. *See*, Exhibit "I."

30. Moreover, it was not until Plaintiff forwarded her $250,000 settlement demand on April 14, 2021 that Walmart could have reasonably or intelligently concluded from the Complaint or other available information that the amount in controversy exceeded the jurisdictional minimum.

31. However, based on Plaintiff's allegations and the $250,000 demand set forth in her April 14, 2021 letter, the preponderance of the evidence establishes that the matter in controversy exceeds $75,000 exclusive of interest and costs.

32. When a case is not removable based on the initial pleading, "a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See also*, § 1446(c)(3)(A).

33. This Notice of Removal was filed within thirty (30) days of service of the "other paper" in which Plaintiff indicated that the amount in controversy exceeds $75,000 as set forth herein.

34. Accordingly, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446 (b) and (c) are satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant, Wal-Mart Stores East, LP respectfully request that this State Action be removed from the Superior Court of New Jersey, Law Division, Burlington County, to the United States District Court for the District of New Jersey.

                                          **McDONNELL & ASSOCIATES, P.C.**

Dated: April 16, 2021           By:   *Sharlenn E. Pratt*

                                              Patrick J. McDonnell, Esquire
                                              NJ Attorney I.D. No.: 026781991
                                              pmcdonnell@mcda-law.com
                                              Sharlenn E. Pratt Esquire
                                              NJ Attorney ID No.: 021592002
                                              spratt@mcda-law.com
                                              860 First Avenue, Suite 5B
                                              King of Prussia, PA 19406
                                              Telephone: (610) 337-2087
                                              Facsimile: (610) 337-2575
                                              *Attorneys for Wal-Mart Stores East, LP*