# EXHIBIT A

JOHN M. MAKOWSKI, ESQUIRE
Attorney ID #016601984
Greentree Executive Commons
851 Route 73 North
Suite H
Marlton, New Jersey 08053-1275
856-988-0002

Attorney for Plaintiff, JOANNA JOHNSON

| | |
|---|---|
| JOANNA JOHNSON,<br><br>        Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, LP, a Foreign Limited Partnership Authorized to do Business in the State of New Jersey, JOHN DOE 1-100, a fictitious name, X CORPORATION, a fictitious name and A AND B PARTNERSHIP, a fictitious name, jointly, severally and in the alternative,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>Docket No.: GLO-L-<br><br>*CIVIL ACTION*<br><br>**COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

  The Plaintiff, JOANNA JOHNSON, residing at 221 Johnson Road, in the Township of Washington, County of Gloucester and State of New Jersey, by way of Complaint against the

1

Defendants, WAL-MART STORES EAST, LP, JOHN DOE 1-100, X CORPORATION and A AND B PARTNERSHIP, says:

### FIRST COUNT

1. At all times material hereto and upon knowledge and belief, the Defendant, WAL-MART STORES EAST, LP, is a foreign limited partnership authorized to do business in the State of New Jersey with a business location at 3501 Route 42, in the Township of Washington, County of Gloucester and State of New Jersey and may do business under the names of X CORPORATION, a fictitious name and/or A AND B PARTNERSHIP, also a fictitious name. JOHN DOE 1-100, fictitious names were employees, agents and/or workmen of the Defendant, WAL-MART STORES EAST, LP, X CORPORATION and/or A and B PARTNERSHIP and at all times was acting in that capacity.

2. On or about June 25, 2018, the Plaintiff, JOANNA JOHNSON, was a business invitee of the Defendant, WAL-MART STORES EAST, LP at STORE #1742 and/or X CORPORATION and/or A AND B PARTNERSHIP at their business location of 3501 Route 42, in the Township of Washington, County of Gloucester and State of New Jersey and was on the premises for the purpose of obtaining grocery items including produce and fruit. The Defendant, WAL-MART STORES EAST, LP, is also open to the public for the purchase of clothing, home decor and other miscellaneous items.

3. As the Plaintiff was pushing a shopping cart in the produce and fruit aisle and without warning, the Plaintiff slipped on blueberries that had fallen on the floor and were not visible to her. As the Plaintiff slipped, she fell cutting her left leg on the cart and striking her

right side, right ankle, right hip, back and right shoulder. The Plaintiff sustained significant injuries as a result of the negligence of the Defendants who created and/or maintained and/or failed to clear and/or correct and/or remove a hazardous condition from the property and/or failed to properly train and/or supervise their employees, workmen and/or agents.

    4. The Defendants were negligent in that they:

    (a) Knew that a hazardous condition existed prior to the accident and failed to use reasonable care in correcting the condition or warning the Plaintiff;

    (b) Did not keep the premises in a safe condition;

    (c) Did not exercise proper care;

    (d) Caused a dangerous and hazardous condition to exist by failing to clean produce, fruit and water from the floor;

    (e) Allowed a nuisance to exist;

    (f) Failed to properly train and/or supervise their employees;

    (g) Failed to provide safe and clear access for persons allowed and invited to use the property;

    (h) Had constructive knowledge of the condition of the floors in the produce/fruit section of the store; and

    (i) Were otherwise negligent in the premises.

    5. As a direct and proximate result of the Defendants' negligence as aforesaid, the Plaintiff, JOANNA JOHNSON was caused to suffer and sustain severe and disabling injuries and has been caused to obtain medical treatment and to refrain from her normal pursuits.

WHEREFORE, the Plaintiff, JOANNA JOHNSON demands judgment against the Defendants, WALMART STORES EAST, LP, JOHN DOE, A AND B PARTNERSHIP and X CORPORATION on the First Count, jointly, severally and in the alternative and in an amount sufficient to compensate the Plaintiff for her claims and damages together with interest, attorney's fees and costs of suit.

## SECOND COUNT

1. The Plaintiff hereby repeats each and every allegation contained in the First Count of the Complaint as if fully set forth herein.

2. On the aforesaid date and at the aforesaid place and/or at all times material hereto, the Defendants had a legal obligation to preserve evidence in connection to the Plaintiff's injury including but not limited to preserving the video camera surveillance capturing the Plaintiff's visit to the store from the time she entered the store through the time that she left the store, a period that would have encompassed not only the accident itself but also the aftermath of the accident as well as the identity of the actual store employees involved in the accident and all store employees who assisted the Plaintiff after the accident.

3. The Defendants and their agents and/or servants and/or employees, negligently and/or carelessly and/or recklessly and/or intentionally failed to preserve the aforementioned evidence, including the video camera surveillance to the detriment and prejudice of the Plaintiff.

4. By failing to preserve the aforementioned evidence, the Defendants impeded and/or hindered and/or obstructed and/or potentially destroyed the Plaintiff's ability to properly investigate and/or prosecute her case.

5. The conduct of the Defendants was negligent and/or careless and/or intentional in the destruction of evidence, resulting in extreme prejudice to the Plaintiff.

6. The conduct of the Defendants as aforesaid constitutes fraudulent concealment and/or spoliation of evidence and has deprived the Plaintiff of the opportunity to properly prosecute her case against the Defendants.

7. As a result of the aforesaid negligence and/or recklessness and/or intentional conduct of the Defendants, the Plaintiff has suffered significant damages and has been impeded and/or hampered and/or prevented from properly prosecuting her case against the Defendants.

WHEREFORE, the Plaintiff, JOANNA JOHNSON, demands judgment against the Defendants, WAL-MART STORES EAST, LP, JOHN DOE, X CORPORATION and A AND B PARTNERSHIP on the Second Count, jointly, severally and in the alternative and in an amount sufficient to compensate the Plaintiff for her claims and damages together with interest, attorney's fees and costs of suit.

### THIRD COUNT

1. The Plaintiff hereby repeats each and every allegation contained in the First and Second Counts of the Complaint as if fully set forth herein.

2. As a direct and proximate result of the negligence of the Defendants as aforesaid, the Plaintiff, JOANNA JOHNSON, was and will be obliged to expend large sums of money in an endeavor to treat and cure the injuries sustained by her.

3. As a direct and proximate result of the negligence of the Defendants as aforesaid and injuries sustained by the Plaintiff as a result of that negligence, the Plaintiff was incapacitated from laborious work and normal pursuits for an extended period of time.

WHEREFORE, the Plaintiff, JOANNA JOHNSON demands judgment against the Defendants, WAL-MART STORES EAST, LP, JOHN DOE, X CORPORATION and A AND B PARTNERSHIP on the Third Count, jointly, severally and in the alternative and in an amount sufficient to compensate the Plaintiff for her claims and damages together with interest, attorney's fees and costs of suit.

Dated: **June 4, 2020**                                   /s/ *John M. Makowski*
                                                          JOHN M. MAKOWSKI, ESQUIRE
                                                          Attorney for the Plaintiff, JOANNA JOHNSON

## CERTIFICATION PURSUANT TO *R.*4:5-1

The Plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. The Plaintiff further certifies that she has no knowledge of any action or arbitration proceeding which is contemplated regarding the subject matter of this action and she is not aware of any other parties who should be joined in this action.

Dated: **June 4, 2020**    /s/ *John M. Makowski*
　　　　　　　　　　　　　　　　　　　　JOHN M. MAKOWSKI, ESQUIRE
　　　　　　　　　　　　　　　　　　　　Attorney for the Plaintiff, JOANNA JOHNSON

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000649-20

**Case Caption:** JOHNSON JOANNA VS WAL-MART STORES EAST, LP
**Case Initiation Date:** 06/04/2020
**Attorney Name:** JOHN M MAKOWSKI
**Firm Name:** JOHN M. MAKOWSKI
**Address:** GREENTREE EXECUTIVE COMMONS 851 ROUTE 73 NORTH STE H
MARLTON NJ 080531275
**Phone:** 8569880002
**Name of Party:** PLAINTIFF : Johnson, Joanna
**Name of Defendant's Primary Insurance Company (if known):** Self Insured

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Are sexual abuse claims alleged by: Joanna Johnson?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/04/2020                                                          /s/ JOHN M MAKOWSKI
Dated                                                               Signed