# EXHIBIT B

141.153

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick McDonnell, Esquire
Attorney I.D. No.: 026781991
Email: pmdonnell@mcda-law.com
By: Sharlenn E. Pratt, Esquire
Attorney I.D. No.: 021592002
Email: spratt@mcda-law.com
860 First Avenue, Unit 5B
King of Prussia, PA 19402
Telephone: (610) 337-2087
Facsimile: (610) 337-2575

*Attorneys for Defendant Wal-Mart Stores East, LP*

| | |
|---|---|
| JOANNA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP, A FOREIGN LIMITED PARTNERSHIP AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, JOHN DOE 1-100, A FICTITIOUS NAME, X CORPORATION, A FICTITIOUS NAME AND A AND B PARTNERSHIP, A FICTITIOUS NAME, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.: GLO-L-000649-20<br>*Civil Action*<br><br>**DEFENDANT WAL-MART STORES EAST, L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR DISCOVERY, CERTIFICATIONS, AND JURY DEMAND** |

Defendant Wal-Mart Stores East, L.P., (hereinafter referred to as "Walmart" or Answering Defendant"), by way of Answer with Affirmative Defenses to Plaintiff's Complaint, hereby avers as follows:

### FIRST COUNT

1. Admitted in part; denied in part. It is admitted only that Wal-Mart Stores East, L.P. is a Delaware Limited Partnership and, at all times relevant, it was the operating entity of a store

located at 3501Route 42, in the Township of Washington, County of Gloucester, New Jersey. By way of further responses, Walmart is without knowledge or information sufficient to form a belief as to the truth of an allegation involving unidentified agents, servants, and employees; accordingly, they are denied.

2. Admitted in part, denied in part. It is admitted only that Plaintiff was present on the subject premises. It is further admitted that the subject store was open for business on the date identified. All other allegations are denied.

3. Denied. Walmart is without knowledge or information sufficient to form a belief as to the truth of an allegation involving unidentified agents, servants, and employees; accordingly, they are denied. By way of further response, all other allegations are denied.

4. Denied.

5. Denied.

**WHEREFORE**, Defendant Wal-Mart Stores East, L.P hereby demands judgment in its favor and against Plaintiff, together with costs and attorneys' fees in this matter.

## SECOND COUNT

1. Walmart hereby incorporates by reference the answers to all paragraphs contained in all previous Counts, as though same were fully set forth herein at length.

2. Denied.  The allegations contained in this paragraph are denied to the extent they seek a legal conclusion. By way of further response, all other allegations are denied.

3. Denied. Walmart is without knowledge or information sufficient to form a belief as to the truth of an allegation involving unidentified agents, servants, and employees; accordingly, they are denied. By way of further response, all other allegations are denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

**WHEREFORE**, Defendant Wal-Mart Stores East, L.P hereby demands judgment in its favor and against Plaintiff, together with costs and attorneys' fees in this matter.

## THIRD COUNT

1. Walmart hereby incorporates by reference the answers to all paragraphs contained in all previous Counts, as though same were fully set forth herein at length.

2. Denied.

3. Denied.

**WHEREFORE**, Defendant Wal-Mart Stores East, L.P hereby demands judgment in its favor and against Plaintiff, together with costs and attorneys' fees in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's were injured as a result of a known risk, which was assumed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's own contributory negligence or, alternatively, the Plaintiff's damages, if any, are reduced by the percentage of comparative negligence and the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1, *et seq.* and common law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as Plaintiff failed to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

3

Plaintiff failed to take due care for Plaintiff's own safety.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's actions caused the incident at issue.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent, and such negligence was the sole proximate, efficient and contributing cause of the Plaintiff's damages.

## SEVENTH AFFIRMATIVE DEFENSE

While denying any fault with respect to the subject matter of this action, Answering Defendant state that insofar as such fault on their part may be found, such fault did not proximately cause any damages allegedly sustained by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant breached no duty to the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendant is entitled to a credit or set-off with respect to any collateral payments made to Plaintiff for injuries arising from the wrong alleged pursuant to *N.J.S.A.* 2A:15-97, and *Perreira v. Rediger, 169 N.J. 399 (2001)* including, but not limited to, any medical bills or costs paid or reduced by health insurance coverage.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by *res judicata* and/or collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages are limited by the Doctrine of Avoidable Consequences.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged incident complained of resulted from circumstances beyond the control of Answering Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

While denying the allegations in the Complaint regarding damages allegedly sustained by Plaintiff's, Answering Defendant state that if Plaintiff proves such damages, they were caused by the superseding and intervening acts, negligence and/or fault of other parties or entities over whom Answering Defendant had no control, nor right of control, and for whose actions Answering Defendant is not and cannot be liable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendant demand apportionment for any and all monies paid due to acts, conduct, negligence, committed by any co-defendant, third-party defendant, settled defendant, dismissed parties, or parties that were not joined by Plaintiff within the applicable statute of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant incorporates by reference all affirmative defenses asserted by any co-defendant or third-party defendant in this action, whether such defense was asserted prior or subsequent to this pleading.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration and/or trial.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff failed to follow the advice and direction of the health care providers regarding recommended treatment, then Plaintiffs' recovery is barred or reduced by their failure to mitigate damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant had no actual or constructive notice of any condition alleged by Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to avoid an open and obvious condition and/or assumed the risk of injury.

### ANSWER TO ANY AND ALL CROSSCLAIMS

Walmart denies each and every crossclaim filed against it or to be filed against it in this action.

### DEMAND PURSUANT TO Rules 1:5-1(a) and 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorney for Walmart hereby demands that each party herein serving pleadings and/or discovery and/or receiving papers responsive thereto serve copies of all such pleadings, discovery and documents received from any party upon the undersigned and PLEASE TAKE FURTHER NOTICE that this is a continuing demand.

### DEMAND FOR ALLOCATION PURSUANT TO RULE 4:7-5(c)

If any co-defendant settles prior to trial, this Answering Defendant will seek an allocation of the percentage of negligence by the fact finder against the settling defendant. We will seek this allocation, whether or not we have formally filed a crossclaim against the settling defendant, we may rely upon the examination and cross-examination of expert witnesses at the time of trial, in support of this allocation. You are being apprised of this pursuant to Rule 4:7¬5(c) and Young v. Latta, 123 N.J. 584 (1991).

### DEMAND FOR DISCOVERY

Please take notice that Walmart (more properly identified solely as Wal-Mart Stores East, LP) requests from Plaintiff certified answers to New Jersey Uniform Form "A" Interrogatories as found in Appendix II to the New Jersey Rules of Court, 2015, and the enclosed Supplemental Interrogatories and Notice to Produce.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded pursuant to R. 1:8-2 and R. 4:35-1.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Patrick J. McDonnell, Esquire, is hereby designated Trial Counsel.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, there are no other actions currently pending or contemplated. The undersigned hereby certifies that the subject matter of this litigation is not the subject of any other action pending in any other Court and is not the subject of any pending arbitration proceeding, nor is there any such action or arbitration proceeding contemplated. There are no other parties who should be joined in this action at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**MCDONNELL & ASSOCIATES, P.C.**

Dated: July 27, 2020        By:    */s/ Sharlenn E. Pratt*

                                               Patrick McDonnell, Esquire
                                               Attorney I.D. No.: 026781991
                                               Email: pmdonnell@mcda-law.com
                                               Sharlenn E. Pratt, Esquire
                                               Attorney I.D. No.: 021592002
                                               Email: spratt@mcda-law.com
                                               860 First Avenue, Unit 5B
                                               King of Prussia, PA 19402
                                               (T) (610) 337-2087 (F)
                                               *Attorneys for Defendant*
                                               *Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

I, Sharlenn E Pratt, Esquire, hereby certify that on July 27, 2020 Defendant Wal-Mart Stores East, L.P. Answer to Plaintiff's Complaint with Affirmative Defenses, Designation of Trial Counsel, Demand for Discovery, Certifications, and Jury Demand was filed and served via the New Jersey eCourts system. A true and correct copy of the filed document was also served via first class mail, postage pre-paid, upon the following counsel of record:

John M. Makowski, Esquire
Greentree Executive Commons
851 Route 73 North, Suite H
Marlton, New Jersey 08053-1275
*Attorneys for Plaintiff*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ *Sharlenn E. Pratt*
Sharlenn E. Pratt, Esquire

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000649-20

**Case Caption:** JOHNSON JOANNA VS WAL-MART STORES EAST, LP
**Case Initiation Date:** 06/04/2020
**Attorney Name:** SHARLENN ELIZABETH PRATT
**Firm Name:** MC DONNELL & ASSOCIATES PC
**Address:** 500 ROUTE 70 WEST
CHERRY HILL NJ 080020000
**Phone:** 8564295300
**Name of Party:** DEFENDANT : WAL-MART STORES EAST, LP
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PERSONAL INJURY
**Document Type:** Answer
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: JOANNA JOHNSON?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/27/2020                                                                /s/ SHARLENN ELIZABETH PRATT
Dated                                                                                                          Signed