# EXHIBIT E

141.153

**MCDONNELL & ASSOCIATES, P.C.**   *Attorneys for Defendant Wal-Mart Stores East, LP*
By: Patrick McDonnell, Esquire
Attorney I.D. No.: 026781991
Email: pmdonnell@mcda-law.com
By: Sharlenn E. Pratt, Esquire
Attorney I.D. No.: 021592002
Email: spratt@mcda-law.com
860 First Avenue, Unit 5B
King of Prussia, PA 19402
Telephone: (610) 337-2087
Facsimile:  (610) 337-2575

| | |
|---|---|
| JOANNA JOHNSON,<br><br>     Plaintiff,<br><br>  v.<br><br>WAL-MART STORES EAST, LP, A FOREIGN LIMITED PARTNERSHIP AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, JOHN DOE 1-100, A FICTITIOUS NAME, X CORPORATION, A FICTITIOUS NAME AND A AND B PARTNERSHIP, A FICTITIOUS NAME, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.: GLO-L-000649-20<br><br>Civil Action<br><br>**DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROVIDE DISCOVERY RESPONSES** |

**To:** John M. Makowski, Esquire
   Greentree Executive Commons
   851 Route 73 North, Suite H
   Marlton, New Jersey 08053-1275
   *Attorney for Plaintiff*

**PLEASE TAKE NOTICE** that the undersigned will apply to the above-named Superior

Court of New Jersey, Law Division, at the Courthouse in Gloucester County located at 1 North

Broad St. Woodbury, NJ 08096 on **Friday, January 8, 2021 at 9:00 a.m.**, or as soon thereafter as

may be heard, for an Order dismissing Plaintiff's Complaint for failure to provide discovery.

1

PLEASE TAKE FURTHER NOTICE that Defendant shall rely upon the Attorney Certification submitted herewith;

PLEASE TAKE FURTHER NOTICE that pursuant to R. 1:6-2, Defendant requests oral argument if opposition is received; and

PLEASE TAKE FURTHER NOTICE that at the time and place aforesaid, Defendant will request that the enclosed proposed form of Order submitted herewith be entered by the Court.

**McDONNELL & ASSOCIATES, P.C.**

Dated: December 21, 2020          By:    /s/ Sharlenn E. Pratt

Sharlenn E. Pratt, Esquire
*Attorney for Defendant Wal-Mart Stores East, LP*

2

141.153

**MCDONNELL & ASSOCIATES, P.C.**   *Attorneys for Defendant Wal-Mart Stores East, LP*
By: Patrick McDonnell, Esquire
Attorney I.D. No.: 026781991
Email: pmdonnell@mcda-law.com
By: Sharlenn E. Pratt, Esquire
Attorney I.D. No.: 021592002
Email: spratt@mcda-law.com
860 First Avenue, Unit 5B
King of Prussia, PA 19402
Telephone: (610) 337-2087
Facsimile:  (610) 337-2575

| | |
|---|---|
| JOANNA JOHNSON,<br><br>     Plaintiff,<br><br>  v.<br><br>WAL-MART STORES EAST, LP, A FOREIGN LIMITED PARTNERSHIP AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, JOHN DOE 1-100, A FICTITIOUS NAME, X CORPORATION, A FICTITIOUS NAME AND A AND B PARTNERSHIP, A FICTITIOUS NAME, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION GLOUCESTER COUNTY<br><br>DOCKET NO.: GLO-L-000649-20<br><br>Civil Action<br><br>**CERTIFICATION OF COUNSEL IN SUPPORT OF DEFENDANT WAL-MART STORES EAST, LP NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROVIDE DISCOVERY RESPONSES** |

  I, Sharlenn E. Pratt, Esquire, of full age, hereby certify as follows:

  1.  I am an attorney at McDonnell & Associates and am a Partner of that firm. This firm represents Defendant Wal-Mart Stores East, LP (hereinafter "Walmart"), in the above-captioned matter.  I have been entrusted with the handling of this matter and in that capacity am fully familiar with the facts contained in this Certification.

1

2.      Plaintiff initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Gloucester County, on or about June 4, 2020.  *See* a copy of Plaintiff's Complaint attached hereto as Exhibit "A."

3.      The Complaint alleges that on or about June 25, 2018, Plaintiff Joanna Johnson sustained injuries when she slipped and fell on the premises of a Walmart Store, located at 3501 Route 42, in the Township of Washington, County of Gloucester, NJ 08012.  *See* Exhibit "A," ¶¶ 1- 3.

4.      Walmart filed an Answer denying liability on July 27, 2020.  *See* a copy of Walmart's Answer attached hereto as Exhibit "B."

5.      Walmart's Answer included a demand that Plaintiff provide responses to Form A Interrogatories as found in the Appendix to the New Jersey Rules of Court, 2015 and enclosed Supplemental Interrogatories and Notice to Produce within the time prescribed by the New Jersey Court Rules.  *See* Exhibit "B."

6.      Walmart responded to Form C Interrogatories and Plaintiff's Notice to Produce on September 28, 2020.  *See* September 28, 2020 letter forwarding Walmart's discovery responses attached as Exhibit "C.".

7.      However, Plaintiff failed to respond to Form A Interrogatories within the time frame permitted by the Court Rules.

8.      Counsel for Walmart attempted to resolve this dispute in good faith via written correspondence dated December 2, 2020.  *See* a copy of the correspondence attached hereto as Exhibit "D."

9.      In the letter, counsel advised that Walmart would pursue motion practice if Plaintiff's discovery responses were not received within ten days.  *See* Exhibit "D."

10.     Despite counsel's good faith efforts, Plaintiff has not forwarded her discovery responses as of the date of this filing.

11.     Pursuant to Rule 4:23-5 of the New Jersey Rules of Court:

> [i]f a demand for discovery pursuant to *R*. 4:17, *R*. 4:18, or *R*. 4:19 is not complied with and no timely motion for an extension or a protective order has been made, the party entitled to the discovery may, except as otherwise provided by paragraph (c) of this rule, move, on notice for an order dismissing or suppressing the pleading of the delinquent party. The motion shall be supported by an affidavit reciting the facts of the delinquent party's default and stating that the moving party is not in default in any discovery obligations owed to the delinquent party.

R. 4:23-5(a)(1).

12.     The undersigned hereby certifies that Walmart is not in default of any discovery requests propounded by Plaintiff.

13.     For the foregoing reasons, Defendant Wal-Mart Stores East, LP requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint for failure to provide discovery responses. A proposed form of Order is submitted herewith for the Court's consideration.

Respectfully submitted,
**McDONNELL & ASSOCIATES, P.C.**

Dated: December 21, 2020          By:     */s/ Sharlenn E. Pratt*
Sharlenn E. Pratt, Esquire
Attorneys for Defendant Wal-Mart Stores East, LP

3

141.153

**MCDONNELL & ASSOCIATES, P.C.**   *Attorneys for Defendant Wal-Mart Stores East, LP*
By: Patrick McDonnell, Esquire
Attorney I.D. No.: 026781991
Email: pmdonnell@mcda-law.com
By: Sharlenn E. Pratt, Esquire
Attorney I.D. No.: 021592002
Email: spratt@mcda-law.com
860 First Avenue, Unit 5B
King of Prussia, PA 19402
Telephone: (610) 337-2087
Facsimile:  (610) 337-2575

| | |
|---|---|
| JOANNA JOHNSON,<br><br>     Plaintiff,<br><br>  v.<br><br>WAL-MART STORES EAST, LP, A FOREIGN LIMITED PARTNERSHIP AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, JOHN DOE 1-100, A FICTITIOUS NAME, X CORPORATION, A FICTITIOUS NAME AND A AND B PARTNERSHIP, A FICTITIOUS NAME, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.: GLO-L-000649-20<br><br>Civil Action<br><br>**ORDER** |

  **THIS MATTER** having been opened to the Court on the Motion of Sharlenn E. Pratt, Esquire, of McDonnell & Associates, attorneys for Defendant Wal-Mart Stores East, LP, the Court having considered the moving papers, and any response in opposition thereto, and for no cause being shown to the contrary,

  IT IS on this _____ day of _____, 2021; **ORDERED** as follows:

(1) Defendant Walmart Wal-Mart Stores East, LP's Motion to Dismiss is hereby **GRANTED**; and

(2) Plaintiff's Complaint is hereby **DISMISSED** in its entirety without prejudice pursuant to R. 4:23-5(a)(1).

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all counsel within seven (7) days of its filing.

_____

J.S.C.

[      ]      Contested
[      ]      Uncontested

2

141.153

**MCDONNELL & ASSOCIATES, P.C.**   *Attorneys for Defendant Wal-Mart Stores East, LP*
By: Patrick McDonnell, Esquire
Attorney I.D. No.: 026781991
Email: pmdonnell@mcda-law.com
By: Sharlenn E. Pratt, Esquire
Attorney I.D. No.: 021592002
Email: spratt@mcda-law.com
860 First Avenue, Unit 5B
King of Prussia, PA 19402
Telephone: (610) 337-2087
Facsimile:  (610) 337-2575

| | |
|---|---|
| JOANNA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP, A FOREIGN LIMITED PARTNERSHIP AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, JOHN DOE 1-100, A FICTITIOUS NAME, X CORPORATION, A FICTITIOUS NAME AND A AND B PARTNERSHIP, A FICTITIOUS NAME, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.: GLO-L-000649-20<br><br>Civil Action<br><br>**CERTIFICATE OF SERVICE** |

The undersigned hereby certifies that an original and one (1) copy of the within Motion together with supporting Certification of Counsel and Proposed Form of Order have been forwarded to the Motions Clerk of Gloucester County Courthouse via the New Jersey Courts E-filing system. A courtesy copy of the within Motion has been forward via Federal Express, postage pre-paid:

The Honorable Timothy W. Chell
Superior Court of New Jersey
Gloucester County Courthouse
1 North Broad St.
Woodbury, NJ 08096

The undersigned further certifies that copies of all documents have been forwarded to the

following parties via electronic mail:

John M. Makowski, Esquire
Greentree Executive Commons
851 Route 73 North, Suite H
Marlton, New Jersey 08053-1275
*Attorney for Plainitff*

**McDONNELL & ASSOCIATES, P.C.**

Dated:  December 21, 2020        By:     /s/ Sharlenn E. Pratt

Sharlenn E. Pratt, Esquire
*Attorneys for Defendant Wal-Mart Stores East, LP*

141.153

**MCDONNELL & ASSOCIATES, P.C.**   *Attorneys for Defendant Wal-Mart Stores East, LP*
By: Patrick McDonnell, Esquire
Attorney I.D. No.: 026781991
Email: pmdonnell@mcda-law.com
By: Sharlenn E. Pratt, Esquire
Attorney I.D. No.: 021592002
Email: spratt@mcda-law.com
860 First Avenue, Unit 5B
King of Prussia, PA 19402
Telephone: (610) 337-2087
Facsimile:  (610) 337-2575

|  |  |
|---|---|
| JOANNA JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART STORES EAST, LP, A FOREIGN LIMITED PARTNERSHIP AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, JOHN DOE 1-100, A FICTITIOUS NAME, X CORPORATION, A FICTITIOUS NAME AND A AND B PARTNERSHIP, A FICTITIOUS NAME, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.: GLO-L-000649-20<br><br>Civil Action<br><br>**ORDER** |

**THIS MATTER** having been opened to the Court on the Motion of Sharlenn E. Pratt, Esquire, of McDonnell & Associates, attorneys for Defendant Wal-Mart Stores East, LP, the Court having considered the moving papers, and any response in opposition thereto, and for no cause being shown to the contrary,

IT IS on this _____ day of _____, 2021; **ORDERED** as follows:

(1) Defendant Walmart Wal-Mart Stores East, LP's Motion to Dismiss is hereby **GRANTED**; and

(2) Plaintiff's Complaint is hereby **DISMISSED** in its entirety without prejudice pursuant to R. 4:23-5(a)(1).

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all counsel within seven (7) days of its filing.

_____
J.S.C.

[      ]      Contested
[      ]      Uncontested

# EXHIBIT A

**JOHN M. MAKOWSKI, ESQUIRE**
**Attorney ID #016601984**
**Greentree Executive Commons**
**851 Route 73 North**
**Suite H**
**Marlton, New Jersey 08053-1275**
**856-988-0002**

Attorney for Plaintiff, JOANNA JOHNSON

| | |
|---|---|
| JOANNA JOHNSON,<br><br>                              Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, LP, a Foreign Limited Partnership Authorized to do Business in the State of New Jersey, JOHN DOE 1-100, a fictitious name, X CORPORATION, a fictitious name and A AND B PARTNERSHIP, a fictitious name, jointly, severally and in the alternative,<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>Docket No.:    GLO-L-<br><br>CIVIL  ACTION<br><br>COMPLAINT<br>AND<br>JURY DEMAND |

The Plaintiff, JOANNA JOHNSON, residing at 221 Johnson Road, in the Township of

Washington, County of Gloucester and State of New Jersey, by way of Complaint against the

1

Defendants, WAL-MART STORES EAST, LP, JOHN DOE 1-100, X CORPORATION and A AND B

PARTNERSHIP, says:

## FIRST COUNT

1. At all times material hereto and upon knowledge and belief, the Defendant, WAL-MART STORES EAST, LP, is a foreign limited partnership authorized to do business in the State of New Jersey with a business location at 3501 Route 42, in the Township of Washington, County of Gloucester and State of New Jersey and may do business under the names of X CORPORATION, a fictitious name and/or A AND B PARTNERSHIP, also a fictitious name.   JOHN DOE 1-100, fictitious names were employees, agents and/or workmen of the Defendant, WAL-MART STORES EAST, LP, X CORPORATION and/or A and B PARTNERSHIP and at all times was acting in that capacity.

2. On or about June 25, 2018, the Plaintiff, JOANNA JOHNSON, was a business invitee of the Defendant, WAL-MART STORES EAST, LP at STORE #1742 and/or X CORPORATION and/or A AND B PARTNERSHIP at their business location of 3501 Route 42, in the Township of Washington, County of Gloucester and State of New Jersey and was on the premises for the purpose of obtaining grocery items including produce and fruit.  The Defendant, WAL-MART STORES EAST, LP, is also open to the public for the purchase of clothing, home decor and other miscellaneous items.

3. As the Plaintiff was pushing a shopping cart in the produce and fruit aisle and without warning, the Plaintiff slipped on blueberries that had fallen on the floor and were not visible to her.  As the Plaintiff slipped, she fell cutting her left leg on the cart and striking her

right side, right ankle, right hip, back and right shoulder.  The Plaintiff sustained significant injuries as a result of the negligence of the Defendants who created and/or maintained and/or failed to clear and/or correct and/or remove a hazardous condition from the property and/or failed to properly train and/or supervise their employees, workmen and/or agents.

4.  The Defendants were negligent in that they:

(a)  Knew that a hazardous condition existed prior to the accident and failed to use reasonable care in correcting the condition or warning the Plaintiff;

(b)  Did not keep the premises in a safe condition;

(c)  Did not exercise proper care;

(d)  Caused a dangerous and hazardous condition to exist by failing to clean produce, fruit and water from the floor;

(e)  Allowed a nuisance to exist;

(f)  Failed to properly train and/or supervise their employees;

(g)  Failed to provide safe and clear access for persons allowed and invited to use the property;

(h)  Had constructive knowledge of the condition of the floors in the produce/fruit section of the store;  and

(i)  Were otherwise negligent in the premises.

5.  As a direct and proximate result of the Defendants' negligence as aforesaid, the Plaintiff, JOANNA JOHNSON was caused to suffer and sustain severe and disabling injuries and has been caused to obtain medical treatment and to refrain from her normal pursuits.

WHEREFORE, the Plaintiff, JOANNA JOHNSON demands judgment against the Defendants, WALMART STORES EAST, LP, JOHN DOE, A AND B PARTNERSHIP and X CORPORATION on the First Count, jointly, severally and in the alternative and in an amount sufficient to compensate the Plaintiff for her claims and damages together with interest, attorney's fees and costs of suit.

## SECOND COUNT

1. The Plaintiff hereby repeats each and every allegation contained in the First Count of the Complaint as if fully set forth herein.

2. On the aforesaid date and at the aforesaid place and/or at all times material hereto, the Defendants had a legal obligation to preserve evidence in connection to the Plaintiff's injury including but not limited to preserving the video camera surveillance capturing the Plaintiff's visit to the store from the time she entered the store through the time that she left the store, a period that would have encompassed not only the accident itself but also the aftermath of the accident as well as the identity of the actual store employees involved in the accident and all store employees who assisted the Plaintiff after the accident.

3. The Defendants and their agents and/or servants and/or employees, negligently and/or carelessly and/or recklessly and/or intentionally failed to preserve the aforementioned evidence, including the video camera surveillance to the detriment and prejudice of the Plaintiff.

4

4.   By failing to preserve the aforementioned evidence, the Defendants impeded and/or hindered and/or obstructed and/or potentially destroyed the Plaintiff's ability to properly investigate and/or prosecute her case.

5.   The conduct of the Defendants was negligent and/or careless and/or intentional in the destruction of evidence, resulting in extreme prejudice to the Plaintiff.

6.   The conduct of the Defendants as aforesaid constitutes fraudulent concealment and/or spoliation of evidence and has deprived the Plaintiff of the opportunity to properly prosecute her case against the Defendants.

7.   As a result of the aforesaid negligence and/or recklessness and/or intentional conduct of the Defendants, the Plaintiff has suffered significant damages and has been impeded and/or hampered and/or prevented from properly prosecuting her case against the Defendants.

WHEREFORE, the Plaintiff, JOANNA JOHNSON, demands judgment against the Defendants, WAL-MART STORES EAST, LP, JOHN DOE, X CORPORATION and A AND B PARTNERSHIP on the Second Count, jointly, severally and in the alternative and in an amount sufficient to compensate the Plaintiff for her claims and damages together with interest, attorney's fees and costs of suit.

## THIRD COUNT

1.   The Plaintiff hereby repeats each and every allegation contained in the First and Second Counts of the Complaint as if fully set forth herein.

2.  As a direct and proximate result of the negligence of the Defendants as aforesaid, the Plaintiff, JOANNA JOHNSON, was and will be obliged to expend large sums of money in an endeavor to treat and cure the injuries sustained by her.

3.  As a direct and proximate result of the negligence of the Defendants as aforesaid and injuries sustained by the Plaintiff as a result of that negligence, the Plaintiff was incapacitated from laborious work and normal pursuits for an extended period of time.

WHEREFORE, the Plaintiff, JOANNA JOHNSON demands judgment against the Defendants, WAL-MART STORES EAST, LP, JOHN DOE, X CORPORATION and A AND B PARTNERSHIP on the Third Count, jointly, severally and in the alternative and in an amount sufficient to compensate the Plaintiff for her claims and damages together with interest, attorney's fees and costs of suit.

Dated: **June 4, 2020**            /s/ John M. Makowski
                                   **JOHN M. MAKOWSKI, ESQUIRE**
                                   Attorney for the Plaintiff, JOANNA JOHNSON

# CERTIFICATION PURSUANT TO *R*.4:5-1

The Plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding.  The Plaintiff further certifies that she has no knowledge of any action or arbitration proceeding which is contemplated regarding the subject matter of this action and she is not aware of any other parties who should be joined in this action.

Dated: **June 4, 2020**                                  /s/ *John M. Makowski*

JOHN M. MAKOWSKI, ESQUIRE
Attorney for the Plaintiff, JOANNA JOHNSON

7

# Civil Case Information Statement

**Case Details: GLOUCESTER | Civil Part Docket# L-000649-20**

**Case Caption:** JOHNSON JOANNA  VS WAL-MART
STORES EAST , LP

**Case Initiation Date:** 06/04/2020

**Attorney Name:** JOHN M MAKOWSKI

**Firm Name:** JOHN M. MAKOWSKI

**Address:** GREENTREE EXECUTIVE COMMONS 851
ROUTE 73 NORTH STE H
MARLTON NJ 080531275

**Phone:** 8569880002

**Name of Party:** PLAINTIFF : Johnson, Joanna

**Name of Defendant's Primary Insurance Company**
(if known): Self Insured

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** YES

**Are sexual abuse claims alleged by: Joanna Johnson?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
      **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/04/2020
Dated

/s/ JOHN M MAKOWSKI
Signed

# EXHIBIT B

141.153

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick McDonnell, Esquire
Attorney I.D. No.: 026781991
Email: pmdonnell@mcda-law.com
By: Sharlenn E. Pratt, Esquire
Attorney I.D. No.: 021592002
Email: spratt@mcda-law.com
860 First Avenue, Unit 5B
King of Prussia, PA 19402
Telephone: (610) 337-2087
Facsimile:  (610) 337-2575

*Attorneys for Defendant Wal-Mart Stores East, LP*

| | |
|---|---|
| JOANNA JOHNSON,<br><br>          Plaintiff,<br><br>     v.<br><br>WAL-MART STORES EAST, LP, A FOREIGN LIMITED PARTNERSHIP AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, JOHN DOE 1-100, A FICTITIOUS NAME, X CORPORATION, A FICTITIOUS NAME AND A AND B PARTNERSHIP, A FICTITIOUS NAME, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.: GLO-L-000649-20<br>*Civil Action*<br><br>**DEFENDANT WAL-MART STORES EAST, L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR DISCOVERY, CERTIFICATIONS, AND JURY DEMAND** |

     Defendant Wal-Mart Stores East, L.P., (hereinafter referred to as "Walmart" or Answering

Defendant"), by way of Answer with Affirmative Defenses to Plaintiff's Complaint, hereby avers

as follows:

## **FIRST COUNT**

     1.      Admitted in part; denied in part.  It is admitted only that Wal-Mart Stores East, L.P.

is a Delaware Limited Partnership and, at all times relevant, it was the operating entity of a store

located at 3501Route 42, in the Township of Washington, County of Gloucester, New Jersey. By way of further responses, Walmart is without knowledge or information sufficient to form a belief as to the truth of an allegation involving unidentified agents, servants, and employees; accordingly, they are denied.

    2.     Admitted in part, denied in part. It is admitted only that Plaintiff was present on the subject premises. It is further admitted that the subject store was open for business on the date identified. All other allegations are denied.

    3.     Denied. Walmart is without knowledge or information sufficient to form a belief as to the truth of an allegation involving unidentified agents, servants, and employees; accordingly, they are denied. By way of further response, all other allegations are denied.

    4.     Denied.

    5.     Denied.

**WHEREFORE**, Defendant Wal-Mart Stores East, L.P hereby demands judgment in its favor and against Plaintiff, together with costs and attorneys' fees in this matter.

## SECOND COUNT

    1.     Walmart hereby incorporates by reference the answers to all paragraphs contained in all previous Counts, as though same were fully set forth herein at length.

    2.     Denied.  The allegations contained in this paragraph are denied to the extent they seek a legal conclusion. By way of further response, all other allegations are denied.

    3.     Denied. Walmart is without knowledge or information sufficient to form a belief as to the truth of an allegation involving unidentified agents, servants, and employees; accordingly, they are denied. By way of further response, all other allegations are denied.

    4.     Denied.

5.      Denied.

6.      Denied.

7.      Denied.

**WHEREFORE**, Defendant Wal-Mart Stores East, L.P hereby demands judgment in its favor and against Plaintiff, together with costs and attorneys' fees in this matter.

### THIRD COUNT

1.      Walmart hereby incorporates by reference the answers to all paragraphs contained in all previous Counts, as though same were fully set forth herein at length.

2.      Denied.

3.      Denied.

**WHEREFORE**, Defendant Wal-Mart Stores East, L.P hereby demands judgment in its favor and against Plaintiff, together with costs and attorneys' fees in this matter.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's were injured as a result of a known risk, which was assumed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's own contributory negligence or, alternatively, the Plaintiff's damages, if any, are reduced by the percentage of comparative negligence and the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1, *et seq.* and common law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as Plaintiff failed to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to take due care for Plaintiff's own safety.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's actions caused the incident at issue.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent, and such negligence was the sole proximate, efficient and contributing cause of the Plaintiff's damages.

### SEVENTH AFFIRMATIVE DEFENSE

While denying any fault with respect to the subject matter of this action, Answering Defendant state that insofar as such fault on their part may be found, such fault did not proximately cause any damages allegedly sustained by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant breached no duty to the Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendant is entitled to a credit or set-off with respect to any collateral payments made to Plaintiff for injuries arising from the wrong alleged pursuant to *N.J.S.A.* 2A:15-97, and *Perreira v. Rediger, 169 N.J. 399 (2001)* including, but not limited to, any medical bills or costs paid or reduced by health insurance coverage.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by *res judicata* and/or collateral estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages are limited by the Doctrine of Avoidable Consequences.

4

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged incident complained of resulted from circumstances beyond the control of Answering Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

While denying the allegations in the Complaint regarding damages allegedly sustained by Plaintiff's, Answering Defendant state that if Plaintiff proves such damages, they were caused by the superseding and intervening acts, negligence and/or fault of other parties or entities over whom Answering Defendant had no control, nor right of control, and for whose actions Answering Defendant is not and cannot be liable.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendant demand apportionment for any and all monies paid due to acts, conduct, negligence, committed by any co-defendant, third-party defendant, settled defendant, dismissed parties, or parties that were not joined by Plaintiff within the applicable statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant incorporates by reference all affirmative defenses asserted by any co-defendant or third-party defendant in this action, whether such defense was asserted prior or subsequent to this pleading.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration and/or trial.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff failed to follow the advice and direction of the health care providers regarding recommended treatment, then Plaintiffs' recovery is barred or reduced by their failure to mitigate damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant had no actual or constructive notice of any condition alleged by Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to avoid an open and obvious condition and/or assumed the risk of injury.

### ANSWER TO ANY AND ALL CROSSCLAIMS

Walmart denies each and every crossclaim filed against it or to be filed against it in this action.

### DEMAND PURSUANT TO Rules 1:5-1(a) and 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorney for Walmart hereby demands that each party herein serving pleadings and/or discovery and/or receiving papers responsive thereto serve copies of all such pleadings, discovery and documents received from any party upon the undersigned and PLEASE TAKE FURTHER NOTICE that this is a continuing demand.

### DEMAND FOR ALLOCATION PURSUANT TO RULE 4:7-5(c)

If any co-defendant settles prior to trial, this Answering Defendant will seek an allocation of the percentage of negligence by the fact finder against the settling defendant. We will seek this allocation, whether or not we have formally filed a crossclaim against the settling defendant, we may rely upon the examination and cross-examination of expert witnesses at the time of trial, in support of this allocation. You are being apprised of this pursuant to Rule 4:7¬5(c) and Young v. Latta, 123 N.J. 584 (1991).

### DEMAND FOR DISCOVERY

6

Please take notice that Walmart (more properly identified solely as Wal-Mart Stores East, LP) requests from Plaintiff certified answers to New Jersey Uniform Form "A" Interrogatories as found in Appendix II to the New Jersey Rules of Court, 2015, and the enclosed Supplemental Interrogatories and Notice to Produce.

### DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded pursuant to R. 1:8-2 and R. 4:35-1.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that Patrick J. McDonnell, Esquire, is hereby designated Trial Counsel.

### CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, there are no other actions currently pending or contemplated.  The undersigned hereby certifies that the subject matter of this litigation is not the subject of any other action pending in any other Court and is not the subject of any pending arbitration proceeding, nor is there any such action or arbitration proceeding contemplated.  There are no other parties who should be joined in this action at this time.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

7

**MCDONNELL & ASSOCIATES, P.C.**

Dated:  July 27, 2020                    By:     /s/ *Sharlenn E. Pratt*
                                                              Patrick McDonnell, Esquire
                                                              Attorney I.D. No.: 026781991
                                                              Email: pmdonnell@mcda-law.com
                                                              Sharlenn E. Pratt, Esquire
                                                              Attorney I.D. No.: 021592002
                                                              Email: spratt@mcda-law.com
                                                              860 First Avenue, Unit 5B
                                                              King of Prussia, PA 19402
                                                              (T) (610) 337-2087 (F)
                                                              *Attorneys for Defendant*
                                                              *Wal-Mart Stores East, LP*

8

### CERTIFICATE OF SERVICE

I, Sharlenn E Pratt, Esquire, hereby certify that on July 27, 2020 Defendant Wal-Mart Stores East, L.P. Answer to Plaintiff's Complaint with Affirmative Defenses, Designation of Trial Counsel, Demand for Discovery, Certifications, and Jury Demand was filed and served via the New Jersey eCourts system.  A true and correct copy of the filed document was also served via first class mail, postage pre-paid, upon the following counsel of record:

John M. Makowski, Esquire
Greentree Executive Commons
851 Route 73 North, Suite H
Marlton, New Jersey 08053-1275
*Attorneys for Plaintiff*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ *Sharlenn E. Pratt*

Sharlenn E. Pratt, Esquire

9

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000649-20

**Case Caption:** JOHNSON JOANNA  VS WAL-MART
STORES EAST , LP

**Case Initiation Date:** 06/04/2020

**Attorney Name:** SHARLENN ELIZABETH PRATT

**Firm Name:** MC DONNELL & ASSOCIATES PC

**Address:** 500 ROUTE 70 WEST

CHERRY HILL NJ 080020000

**Phone:** 8564295300

**Name of Party:** DEFENDANT : WAL-MART STORES EAST,
LP

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: JOANNA  JOHNSON?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
        **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/27/2020
Dated

/s/ SHARLENN ELIZABETH PRATT
Signed

# EXHIBIT C

Law Offices Of

# McDONNELL & ASSOCIATES, P.C.

**Metropolitan Business Center**
**860 1st Avenue, Suite 5B**
**King of Prussia, Pennsylvania 19406**
**Telephone:  610-337-2087**
**Facsimile:  610-337-2575**

**Sharlenn E. Pratt, Esquire**                                              Rebecca Christie, Paralegal
spratt@mcda-law.com                                                       rchristie@mcda-law.com
*Admitted in Pennsylvania, New Jersey*
*and New York*

September 28, 2020

**Via Email / Dropbox**
John M. Makowski, Esquire
Greentree Executive Commons
851 Route 73 North, Suite H
Marlton, New Jersey 08053-1275

Re:    **Joanna Johnson v. Wal-Mart Stores East, LP et al**
          **Docket No.:   GLO-L-000649-20**
          **Our File No.:  141.153**

Dear Counsel:

Please be advised that our firm represents the Defendant Wal-Mart Stores East, LP with regard to the above-referenced matter. Enclosed please find Defendant's Answers Form C and Form C(2) Interrogatories with related privilege log. Also enclosed is a **confidentiality agreement** that Wal-Mart requires before they will produce certain documents in discovery. These documents are identified in Wal-Mart's discovery responses; however, they will not be produced until an executed agreement is received. Kindly review, execute and return to our office.

Thank you for your kind attention to this matter.

Very truly yours,
**McDONNELL & ASSOCIATES, P.C.**

*/s/ Rebecca Christie*
Rebecca Christie, Paralegal to
Sharlenn E. Pratt, Esquire

SEP:ric
Enclosure

# EXHIBIT D

Law Offices Of

# MCDONNELL & ASSOCIATES, P.C.

**Metropolitan Business Center**
**860 1st Avenue, Suite 5B**
**King of Prussia, Pennsylvania 19406**
**Telephone:  610-337-2087**
**Facsimile:   610-337-2575**

**Sharlenn E. Pratt, Esquire**                                        Rebecca Christie, Paralegal
spratt@mcda-law.com                                                   rchristie@mcda-law.com
*Admitted in Pennsylvania, New Jersey*
*and New York*

                                        December 2, 2020

<u>Via Email</u>
John M. Makowski, Esquire
Greentree Executive Commons
851 Route 73 North, Suite H
Marlton, New Jersey 08053-1275

           Re:    <u>**Joanna Johnson v. Wal-Mart Stores East, LP et al**</u>
                  **Docket No.:   GLO-L-000649-20**
                  **Our File No.: 141.153**

Dear Counsel:

         As you are aware, this firm represents the Walmart Defendants in the above-captioned matter.
On July 27, 2020 Defendants' sent our Interrogatories, Supplemental Interrogatories, Requests for
Production of Documents, and a Request for Statement of Damages.  To date, we have not
received Plaintiff's responses to the aforementioned requests.  Kindly provide Plaintiff's responses to
discovery within ten days to avoid any unnecessary motion practice.

         Thank you for your time and attention to this matter.


                                        Very truly yours,
                                        **McDONNELL & ASSOCIATES, P.C.**


                                        */s/ Sharlenn E. Pratt*
                                        Sharlenn E. Pratt, Esquire


SEP:ric
Enclosure